**CV 12 - 3781**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ALTAGRACIA DIAZ, on behalf of herself and all others similarly situated,

        Plaintiff,

vs.

RESIDENTIAL CREDIT SOLUTIONS, INC.

        Defendant.
---------------------------------------------------------------x

**SUMMONS ISSUED**

**COMPLAINT – CLASS ACTION**

SPATT, J.

BOYLE, M.J.

## INTRODUCTION

1. Plaintiff Altagracia Diaz brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Residential Credit Solutions, Inc. ("RCS"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Altagracia Diaz is an individual who resides in the Eastern District of New York.

5. Defendant Residential Credit Solutions, Inc. is a Texas corporation with offices at 4282 North Freeway, Fort Worth, Texas 76137. Its registered agent is Corporation Service Company, 80 State Street, Albany, NY 12207-2543. Residential Credit Solutions, Inc. does business

1

in New York.

6. Residential Credit Solutions, Inc. is engaged in the business of servicing of delinquent mortgages. It uses the mails and telephone to collect on consumer mortgages that are in default when RCS is first involved. It holds itself out as a "special servicer", meaning that it services distressed mortgages.

7. Residential Credit Solutions, Inc. is a debt collector as defined in the FDCPA.

## FACTS

8. On or about May 5, 2012 defendant sent plaintiff the letter attached as Exhibit A for the purpose of collecting an alleged consumer debt supposedly owed to to JP Morgan Mortgage Acquisition Corporation.

9. Exhibit A states, "You may notify RCS in writing within thirty days of the receipt of this letter that the debt or any potion of the debt is disputed."

10. Exhibit A fails to comply with that 15 U.S.C. §1692g(a)(3) because it states that the notice must be in writing.

## COUNT I – FDCPA

11. Plaintiff incorporates ¶¶ 1-10.

12. Defendant thereby violated 15 U.S.C. §1692g.

13. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after**

receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

14.     Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

15. The class consists of (a) all individuals in New York (b) who received a letter in the form of <u>Exhibit A</u> (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

16. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members in the class. For example, in the year 2010, defendant filed over 80 mortgage foreclosure suits in New York. On information and belief, each defendant was sent a letter in the form of <u>Exhibit A</u> prior to suit. Other letters were sent to persons not sued in the name of Residential Credit Solutions, Inc.

17. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions include (a) whether defendant has a practice of sending letters in the form of <u>Exhibit A</u> which require the debtor to dispute the validity of the debt in writing and (b) whether doing so violates the FDCPA.

18. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

19. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

20. A class action is superior for the fair and efficient adjudication of this matter, in that: (a) individual actions are not economically feasible, (b) members of the class are likely to be unaware of their rights, and (c) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

(1) A declaration that defendant's letter violates the FDCPA

(2) Statutory damages;

(3) Attorney's fees, litigation expenses and costs of suit;

4

(4) Such other and further relief as the Court deems proper.

/s/ Abraham Kleinman
Abraham Kleinman

Abraham Kleinman
Kleinman LLC
626 RXR Plaza
Uniondale, NY 11556-0626
516-522-2621
888-522-1692 (FAX)

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\26981\complaint_.wpd

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*Abraham Kleinman*

Abraham Kleinman
Kleinman LLC
626 RXR Plaza
Uniondale, NY 11556-0626
516-522-2621
888-522-1692 (FAX)

6

# EXHIBIT A



05/05/12

ALTAGRACIA DIAZ

**REDACTED**

Loan Number:

Dear Valued Customer,

Residential Credit Solutions, Inc. ("RCS") is the servicer of the above referenced mortgage loan. This notice is to serve as validation of the above referenced debt as required by the Fair Debt Collection Practices Act. The amounts set forth below are current as of the date of this notice, but may increase due to accrual of interest and other charges.

| Original Loan Amount | $ 438900.00 | Current Principal Balance | $347,224.81 |
|---|---|---|---|
| Maturity Date | 04/2022 | Current Interest Due | $17,282.37 |
| Name of Creditor | JP MORGAN MTG ACQ CORP | Current Fees / Advances Owed* | $5,923.73 |
| Next Payment Due Date | 10/01/11 | Current Unapplied Funds | -$0.00 |
| Next payment Amount Due | $5,160.08 | TOTAL DEBT | $370,430.91 |
| Payment Address Only | P.O. Box 78954 Phoenix, AZ 85062-8954 | Escrow Balance* | $-5,344.46 |

*Negative escrow balances are reflected in both sections above.

You may notify RCS in writing within thirty days of receipt of this letter that the debt or any portion of the debt is disputed. If no notice is received by RCS within the 30 day period, it will be assumed that the above information is accurate and the debt is valid. If/once written notice is received within the 30 day period, RCS will obtain verification of the debt or a copy of a judgment against you, the consumer. A copy of the verification of debt or judgment will be mailed to the mailing address on record for you along with, if requested in writing, a statement that provides the name and address of the original creditor. For written notice, mail to:

Residential Credit Solutions, Inc.
P.O. Box 163889
Fort Worth, TX 76161-3889

Collection activities and communications will continue during the thirty day period after receipt of this notice, unless written notice is provided to RCS that you dispute the validity of the debt or any portion of the debt that you believe to be inaccurate. Once the debt is verified by our office and a copy of that verification is sent to you, collection efforts will immediately resume.

If you have any questions, please contact our office at 1-800-737-1192 between the hours of 7:00 a.m. and 11:00 p.m. Monday through Thursday, 7:00 a.m. and 9:00 p.m., Friday, 8:00 a.m. and 2:00 p.m., Saturday. All times are Central Standard Time.

OL0315

Residential Credit Solutions, Inc.
P.O. Box 163229, Fort Worth, TX 76161-3229
Website: www.residentialcredit.com

This is an attempt to collect a debt; any information obtained will be used for that purpose.



If your loan is currently subject to a bankruptcy proceeding or the debt has been discharged in a Chapter 7 bankruptcy proceeding, this letter is for informational purposes, relates only to the collateral property and is not an attempt to collect a debt from you personally.

Sincerely,
Residential Credit Solutions, Inc.

OL0315

Residential Credit Solutions, Inc.
P.O. Box 163229, Fort Worth, TX 76161-3229
Website: www.residentialcredit.com

This is an attempt to collect a debt; any information obtained will be used for that purpose.