IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
ALTAGRACIA DIAZ, on behalf of herself and all  :
others similarly situated,                     :      12-cv-3781-ADS-ETB
                                               :
                Plaintiff,                     :
                                               :
        vs.                                    :
                                               :
RESIDENTIAL CREDIT SOLUTIONS, INC.             :
                                               :
                Defendant.                     :
-----------------------------------------------------------------x
```

# PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Tiffany N. Hardy
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Abraham Kleinman
Kleinman LLC
626 RXR Plaza
Uniondale, NY 11556-0626
516-522-2621
888-522-1692 (FAX)

## **TABLE OF CONTENTS**

1. Facts ........................................................................................................................1
2. The Fair Debt Collection Practices Act ...........................................................................3
3. Defendant's Letter Violates the FDCPA .......................................................................5
4. The Fact That Plaintiff Disputed the Debt in Writing Does Not Negate Her Claim ......11
5. Conclusion ...........................................................................................................11

1.      **FACTS**

Plaintiff Altagracia Diaz filed this action against defendant Residential Credit Solutions, Inc. ("RCS") for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

Defendant Residential Credit Solutions, Inc. is engaged in the business of servicing of delinquent mortgages. It uses the mails and telephone to collect on consumer mortgages that are in default when RCS is first involved. It holds itself out as a "special servicer", meaning that it services distressed mortgages. (Cmplt., ¶6)  Residential Credit Solutions, Inc. is a debt collector as defined in the FDCPA.  (Cmplt., ¶7)

On or about May 5, 2012 defendant sent plaintiff the letter attached as Cmplt., Exhibit A for the purpose of collecting an alleged consumer debt supposedly owed to to JP Morgan Mortgage Acquisition Corporation.   (Cmplt., ¶8)   The letter is on its face intended as the initial letter which RCS sends to a consumer when it becomes involved with a delinquent mortgage.  The text of the letter is as follows:

# RCS

05/05/12

Altagracia Diaz
[address]

Loan Number:

Dear Valued Customer,

Residential Credit Solutions, Inc, ("RCS") is the servicer of the above refinanced mortgage loan.  This notice is to serve as validation of the above referenced debt as required by the Fair Debt Collection Practices Act.  The amounts set forth below are current as of this notice, but may increase due to accrual of interest and other changes.

| Original Loan Amount | $438900.00 | Current Principal Balance | $347,224.81 |
|---|---|---|---|
| Maturity Date | 04/2022 | Current Interest Due | $17,282.37 |
| Name of Creditor | JP Morgan MTG ACQ CORP | Current Fees/ Advanced Owed* | $5,923.73 |
| Next Payment Due Date | 10/10/11 | Current Unapplied Funds | -$0.00 |
| Next Payment Amount Due | $5,160.08 | Total Debt | $370,430.91 |
| Payment Address Only | P.O. Box 78954 Phoenix, AZ 85082-8954 | Escrow Balance* | $-5,344.48 |

*Negative escrow balances are reflected in both sections above.*

You may notify RCS in writing within thirty days of receipt of this letter that the debt or any portion of the debt is disputed.  If no notice is received by RCS within the 30 day period, it will be assumed that the above information is accurate and the debt is valid.  If/once written notice is received within the 30 day period, RCS will obtain verification of the debt or a copy of a judgment against you, the consumer.  A copy of the verification of debt or judgment will be mailed to the mailing address on record for you along with, if requested in writing, a statement that provides the name and address of the original creditor.  For written notice, mail to:

>Residential Credit Solutions, Inc.
>P.O. Box 183889
>Fort Worth, TX 76161-3889

Collection activities and communications will continue during the thirty day period after receipt of this notices, unless written notice is provided to RCS that you dispute the validity of the debt or any portion of the debt that you believe to be inaccurate.  Once the debt is verified by our office and a copy of that verification is sent to you, collection efforts will immediately resume.

If you have any questions, please contact our office at 1-800-737-1192 between the hours of 7:00 a.m. and 11:00 p.m. Monday through Thursday, 7:00 a.m. and 9:00 p.m., Friday, 8:00 a.m. and 2:00 p.m., Saturday.  All times are Central Standard Time.

OL0315

Residential Credit Solutions, Inc.
P.O. Box 183229, Fort Worth, TX 76161-3229
Website: www.residentialcredit.com

This is an attempt to collect a debt; any information obtained will be used for that purpose.

2

2.      **THE FAIR DEBT COLLECTION PRACTICES ACT**

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors".  15 U.S.C. §1692(e).  It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt.  *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997).  The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

> In enacting the FDCPA, Congress recognized the --
>
> universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic]. . . .  [T]he vast majority of consumers who obtain credit fully intend to repay their debts.  When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 USCCAN 1695, 1697.

According to the Second Circuit, when determining whether a violation of §1692g exists, courts should apply an objective standard, measured by how the "least sophisticated consumer" would interpret the notice received from the debt collector. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). Congress intended the FDCPA to protect consumers in general from abusive debt collection practices. See id.; S. Rep. No. 95-382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695. The test thus centers on "how the least sophisticated consumer -- one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer -- understands the notice he or she receives." *Equifax*, 74 F.3d at 34.

The standard is an objective one  --  whether the plaintiff or any class member was misled is not an element of a cause of action.  "The question is not whether these plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been

3

misled." *Beattie v. D.M. Collections, Inc.,* 754 F.Supp. 383, 392 (D.Del. 1991); *accord, DeSantis v. Computer Credit, Inc.,* 269 F.3d 159, 161 (2nd Cir. 2001).

Under the "unsophisticated" consumer standard, a collection communication which can plausibly be read in two or more ways, at least one of which is misleading, violates the law. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996). *Accord, Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1062 (9th Cir. 2011)("it is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'"); *see also*, *Chrysler Corp. v. FTC*, 182 U.S. App. D.C. 359, 561 F. 2d 357 (D.C. Cir. 1977) (an advertisement is considered deceptive if it has the capacity to convey misleading impressions to consumers even though nonmisleading interpretations may be possible).

Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.*, 839 F.Supp. 941 (D. Conn. 1993).

> The [Consumer Credit Protection] Act is remedial in nature, designed to remedy what Congressional hearings revealed to be unscrupulous and predatory creditor practices throughout the nation. Since the statute is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.

*N.C. Freed Co. v. Board of Governors,* 473 F.2d 1210, 1214 (2d Cir. 1973).

Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997); *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 727 and n. 3 (D. Conn. 1990); *Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990); *Riveria v. MAB Collections, Inc.,* 682 F. Supp. 174, 177 (W.D.N.Y. 1988); *In re Scrimpsher,* 17 B.R. 999, 1016-7 (Bankr.N.D.N.Y. 1982).

The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. *Crabill v. Trans Union, L.L.C.,* 259 F.3d 662, 666 (7th Cir. 2001); *Whatley v. Universal Collection Bureau,* 525 F. Supp. 1204, 1206 (N.D.Ga.

4

1981).  "Congress intended the Act to be enforced primarily by consumers . . . ."  *FTC v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980).  "Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them . . . ." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989).

Plaintiff need not prove intent, bad faith or negligence in an FDCPA case.  The "FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary judgment for the plaintiff."  *Cacace v. Lucas*, 775 F. Supp. at 505.

3.      DEFENDANT'S LETTER VIOLATES THE FDCPA

Plaintiff contends that RCS' letter does not comply with 15 U.S.C.  §1692g(a)(3). Section 1692g provides:

> **§ 1692g.  Validation of debts**
>
> **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> **(1) the amount of the debt;**
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any**

>**portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**
>
>**(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**
>
>**(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**
>
>**(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

Section 1692g(a)(3) does not impose a writing requirement on a consumer when disputing the validity of a debt; a writing is only necessary to obtain verification of the debt or the identification of the original creditor.  *Camacho v. Bridgeport Financial, Inc.,* 430 F.3d 1078, 1080 (9th Cir. 2005).  All  district courts within the Second Circuit to have addressed this issue have held that there is no writing requirement under §1692g(a)(3). *In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig.,* 208 F.R.D. 493 (S.D.N.Y. June 14, 2002); *Ong v. American Collections Enterprise*, No. 98-CV-5117, 1999 U.S. Dist. LEXIS 409, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999); *Wyler v. Computer Credit, Inc.,* 04 CV 2762 (CLP), 2006 U.S.Dist. LEXIS 57766 (E.D.N.Y., March 3, 2006); *Vega v. Credit Bureau Enters.*, No. CIVA02CV1550, 2005 U.S. Dist. LEXIS 4927, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005).

Other decisions to the same effect include *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, 464 F.Supp.2d 720 (N.D. Ohio 2006); *Baez v. Wagner & Hunt, P.A.*, 442 F.Supp.2d 1273 (S.D.Fla. 2006); *Turner v. Shenandoah Legal Group, P.C.*, No. 3:06CV045, 2006 U.S. Dist. LEXIS 39341, 2006 WL 1685698 (E.D. Va. June 12, 2006); *Reed v. Smith, Smith & Smith*, No. Civ. A. 93-956, 1995 U.S. Dist. LEXIS 22013, 1995 WL 907764 (M.D.La. Feb. 8, 1995); *Chung v. Nat'l Check Bureau, Inc.*, No. 1:04 CV 1857, 2005 U.S. Dist. LEXIS 15216, 2005 WL 1541030 (S.D. Ind. June 30, 2005); *Walters v. PDI Mgmt. Servs.*, No. 1:02-CV-1100, 2004 U.S. Dist. LEXIS 13972, 2004 WL 1622217 (S.D. Ind. Apr. 6, 2004) ; *Rosado v. Taylor*, 324 F.Supp.2d 917 (N.D. Ind. 2004); and *Edmonds v. Nat'l Check Bureau, Inc.*, No. 01-1289, 2003 U.S. Dist. LEXIS 17476 (S.D. Ind. Aug. 1, 2003). The principal decision to the contrary is the early case of *Graziano v. Harrison,* 950 F.2d 107, 112 (3d Cir. 1991).

RCS does not dispute this legal proposition, but argues that its letter permits an oral dispute because it uses the word "may" when it says:

> You may notify RCS in writing within thirty days of receipt of this letter that the debt or any portion of the debt is disputed. If no notice is received by RCS within the 30 day period, it will be assumed that the above information is accurate and the debt is valid. . . .

RCS' letter simply does not say what RCS now claims. The word "may" means that the consumer may choose to dispute the debt or not dispute it, but if she does choose to dispute the debt, she is to "notify RCS in writing." If "no notice is received," RCS will assume that the "above information is accurate and the debt is valid. . . ." However, the FDCPA does not permit the debt collector to assume that the debt is valid if the debtor orally disputes the debt.

RCS is in effect arguing that the "notice" referred to in the second sentence of the above quotation does not refer to the same thing as the phrase "You may notify RCS in writing" in the first sentence. However, the most natural and plausible reading of the language is that the notices referred to in the first and second sentences are the same thing. Unless that reading is completely unreasonable, the notice is reasonably capable of conveying inaccurate information, and thus illegal. *Equifax, supra.*

7

Prior decisions on this issue hold that a collection notice is unlawful if it ties the debt collector's assumption of validity to the lack of a written dispute:

      i.      *Camacho v. Bridgeport Financial, Inc.,* 430 F.3d 1078, 1079-80 (9th Cir. 2005) ("Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.");

      ii.      *Vega v. Credit Bureau Enters.*, No. CIVA02CV1550, 2005 U.S. Dist. LEXIS 4927, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005) ("This account has been forwarded to this office by CITGO to collect the balance in full unless disputed in writing within 30 days from this notice", followed later with exact statutory language);

      iii.      *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, 464 F.Supp.2d 720 (N.D. Ohio 2006) (""the debt described herein will be assumed to be valid by the Creditor's law firm, unless the debtor(s), or either one of them, within thirty (30) days after receipt of this notice, dispute, in writing, the validity of the debt or some portion thereof."), later opinion, 502 F. Supp. 2d 686 (N.D. Ohio 2007), aff'd 538 F.3d 469 (6th Cir. 2008), rev'd other grounds, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010), on remand, 271 F.R.D. 572 (N.D. Ohio 2010), later opinion, 2011 U.S. Dist. LEXIS 40771 (N.D. Ohio Apr. 13, 2011).

      iv.      *Baez v. Wagner & Hunt, P.A.*, 442 F.Supp.2d 1273 (S.D.Fla. 2006) ("Unless you notify this office in writing within thirty days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid.");

      v.      *Turner v. Shenandoah Legal Group, P.C.*, No. 3:06CV045, 2006 U.S. Dist. LEXIS 39341, 2006 WL 1685698 (E.D. Va. June 12, 2006) ("PLEASE NOTIFY US IN WRITING WITHIN 30 DAYS AFTER RECEIPT OF THIS LETTER IF YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT, OTHERWISE, WE WILL ASSUME THAT THE DEBT IS VALID");

      vi.    *Walters v. PDI Mgmt. Servs.*, No. 1:02-CV-1100, 2004 U.S. Dist. LEXIS 13972, 2004 WL 1622217 (S.D. Ind. Apr. 6, 2004) ("Within 30 days of receipt of this notice you may notify us, by certified mail, if you dispute the validity of the debt, or any portion thereof. Unless we receive such notice, the debt will be assumed valid"); court held that both the writing requirement and the certified ("the debt . . . will be assumed to be valid by Septtimous Taylor, attorney for Plaintiff, unless, within thirty days after receipt of this notice, you dispute, in writing, the validity of the debt or some portion thereof." ).

      Just like in the decisions finding violations, RCS ties the assumption of validity to the absence of a written dispute within 30 days.

      Moreover, RCS' violation is compounded by the statement that "If no notice is received by RCS within the 30 day period, it will be assumed that the above information is accurate and the debt is valid. . . ."   The consumer need only send the notice to RCS within the 30 day period beginning with her receipt of the letter, not insure receipt.  *Chauncey v. JDR Recovery Corp.,* 118 F.3d 516 (7th Cir. 1997).

      Furthermore, the consequence of not disputing the debt within the 30 day period is that the debt collector (and its principal) may proceed with collection on the assumption that it is valid, *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F. 3d 360 (2d Cir. 2005),  not that it will generally be assumed that the debt is valid.  Neither the initial letter nor other correspondence from the debt collector can state that the debt will be assumed to be valid generally, or by a court. *Guerrero v. Absolute Collection Service, Inc.*, No. 1:11-cv-02427-JEC,  2011 U.S. Dist. LEXIS 155541, *10  (N.D. Ga. Oct. 6, 2011) ("ACS's failure to limit its statement that any undisputed debt would be assumed valid to the debt collector violates the notice requirements of § 1692g(a)(3) by "making the least sophisticated consumer uncertain as to her rights."); *Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A*., No. 11-80894-CIV, 2011 U.S. Dist. LEXIS 109826, 2011 WL 4499100 (S.D. Fla. Sept. 27, 2011);  *Galuska v. Collectors Training Institute of Illinois, Inc.*, No. 3:07-CV-2044, 2008 U.S. Dist. LEXIS 39508, 2008 WL 2050809 (M.D. Pa.

May 13, 2008) (holding that failure to include "by the debt collector" or words such as "we" or "this office" in the required disclosure would lead least sophisticated debtor to believe the debt would be assumed valid by some other entity); *Rivers v. Am. Network, Inc.*, Civil Action No. 1:10-cv-2606, at [Doc. 12] (N.D. Ga. May 4, 2011), adopted by [Doc. 13]; *Harlan v. NRA Grp., LLC*, Civil Action No. 10-cv-0324, 2011 U.S. Dist. LEXIS 12751, 2011 WL 500024, at \*3 (E.D. Pa. Feb. 9, 2011); *Smith v. Hecker*, No. Civ. A. 04-5820, 2005 U.S. Dist. LEXIS 6598, 2005 WL 894812, at \*6 (E.D. Pa. Apr. 18, 2005) ("[O]mission of 'by the debt collector' would lead a least sophisticated debtor to believe that unless she disputes the validity of the debt . . . her debt will be . . . determined to be valid by a court, credit reporting agency, or other entity of authority [or] imposed upon her using a valid procedure . . . ."); *Philip v. Sardo & Batista, P.C.*, No. 11-4773 (SRC), 2011 U.S. Dist. LEXIS 130267 (D.N.J. Nov. 10, 2011); *Pierce v. Carrington Recovery Services, LLC*, No. 09-0787, 2009 U.S. Dist. LEXIS 72049 (W.D.Pa., Aug. 17, 2009). The statement is contrary to 15 U.S.C. §1692g(c), which provides that "The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer."

Finally, the letter states that all information set forth in the letter concerning the debt will be assumed to be valid. This includes information which the debtor knows nothing about and can know nothing about, such as whether RCS is holding any "unapplied funds" (funds that RCS has not applied to any portion of the debt in its internal accounting records) and whether there is a negative "escrow balance" (which assumes that RCS has properly paid and accounted for whatever taxes, insurance premiums, and other items are paid from the escrow account). Nothing in §1692g authorizes the statement that failure to respond will give rise to this sort of admission.

This is particularly significant in the case of a residential mortgage debt, such as that involved in this case. The debtor does not forfeit their right to dispute the debt in court if RCS does not receive written notice of a dispute within 30 days. Yet, its letter does not place

any restriction on the consequence of not insuring receipt of a dispute in writing by RCS within 30 days.

**4. THE FACT THAT PLAINTIFF DISPUTED THE DEBT IN WRITING DOES NOT NEGATE HER CLAIM**

RCS also refers to later correspondence with plaintiff, who did submit a written dispute. These matters are outside the complaint, not properly before the Court, and can only be presented through a motion for summary judgment.

In any event, they are not relevant. The test of liability under the FDCPA is the hypothetical least sophisticated consumer, not whether plaintiff was misled. "The question is not whether these plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections, Inc., supra,* 754 F.Supp., at 392; *accord, Woolley v. Krisor & Associates*, IP 99-1573-C-Y/S, 2000 U.S. Dist. LEXIS 7069, *6-7 (S.D.Ind., May 15, 2000). A consumer who receives a violative document but does not read it or rely upon it is nevertheless entitled to recover statutory damages. *Bartlett v. Heibl, supra*, 128 F.3d at 499, cited with approval in *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159, 161 (2nd Cir. 2001). Plaintiff may therefore sue based on receipt of RCS' letter regardless of her response to it.

**5. CONCLUSION**

For the reasons stated, the Court should deny defendant's motion to dismiss. To further elaborate on her claims, Plaintiff is filing her First Amended Complaint which is being submitted under separate cover.

                                                  Respectfully submitted,

                                                  s/Tiffany N. Hardy
                                                  Tiffany N. Hardy

Tiffany N. Hardy
Cathleen M. Combs

EDELMAN, COMBS, LATTURNER
&amp; GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Abraham Kleinman
Kleinman LLC
626 RXR Plaza
Uniondale, NY 11556-0626
516-522-2621
888-522-1692 (FAX)

T:\26981\Pleading\Plaintiff's Response to motion to dismiss_Pleading.wpd

## **CERTIFICATE OF SERVICE**

  I, Tiffany N. Hardy, hereby certify that on November 6, 2012, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

Stephen M. Valente
sv@dgandl.com

Abraham Kleinman
akleinman@kleinmanllc.com

              s/ Tiffany N. Hardy
              Tiffany N. Hardy
              Cathleen M. Combs
              EDELMAN, COMBS, LATTURNER
                & GOODWIN, LLC
              120 South LaSalle Street, 18th Floor
              Chicago, Illinois 60603
              (312) 739-4200
              (312) 419-0379 (FAX)