**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ALTAGRACIA DIAZ, on behalf of herself and
all others similarly situated,

                    Plaintiff,         **MEMORANDUM OF
            DECISION AND ORDER**
           -against-         12-CV-3781 (ADS) (AKT)

RESIDENTIAL CREDIT SOLUTIONS, INC.,

                  Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**Kleinman LLC**
*Attorneys for the Plaintiff*
626 RXR Plaza
Uniondale, NY 11556-0626
    By: Abraham Kleinman, Esq., Of Counsel

**Edelman, Combs, Latturner & Goodwin, LLC**
*Attorneys for the Plaintiff*
120 South LaSalle Street
18th Floor
Chicago, IL 60603
    By: Cathleen M. Combs, Esq., & Tiffany N. Hardy, Esq., of Counsel

**Lowenstein Sandler PC**
*Attorneys for the Defendant*
1251 Avenue of the Americas
New York, NY 10020
    By: Jason E. Halper, Esq., of Counsel

**SPATT, District Judge.**

       On July 31, 2012, the Plaintiff Altagracia Diaz (the "Plaintiff"), on behalf of herself and all others similarly situated, commenced this action against the Defendant Residential Credit Solutions, Inc. (the "Defendant" or "RCS") for alleged unlawful credit and collection practices

engaged in by the Defendant in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

Presently before the Court is the Plaintiff's renewed motion for class certification pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23. In this regard, the Plaintiff seeks to certify a class defined as (a) all individuals in New York (b) who were sent a letter in the form of the form letter attached to the Plaintiff's motion papers as Exhibit A, which was not returned as undeliverable, (c) on or after July 31, 2011, and on or before August 20, 2012; (d) concerning a loan that the Defendant acquired after the loan was deemed in default.

Also before the Court is a letter, dated May 2, 2014, notifying the Court that the parties had reached an agreement to settle this case, subject to the Court's review and approval pursuant to Fed. R. Civ. P. 23(e).

For the reasons set forth below, the Court grants the Plaintiff's renewed motion for class certification and directs the parties, within twenty days of the date of this Order, to submit the proposed terms of the settlement agreement so that the Court may make a determination as to whether to preliminarily approve the proposed class action settlement in this case.

## I. BACKGROUND

### A. Underlying Facts

The Defendant is a servicing company that manages performing and nonperforming residential mortgage loans. According to the Plaintiff, the Defendant is a "special servicer," which means that it services distressed mortgages and attempts to collect on consumer mortgages that are in default when the Defendant first becomes involved. (Amend. Compl., ¶ 6.)

On or about May 5, 2012, the Defendant sent a validation notice to the Plaintiff, an individual, seeking to collect an alleged consumer debt. In this regard, the validation notice

claimed that the Plaintiff owed a sum to JP Morgan Mortgage Acquisition Corporation ("JP Morgan") in connection with a mortgage loan. The total debt was for $370,430.91.

According to the Plaintiff, the validation notice "is a form letter (designated OL0315) which [the] [D]efendant uses for the purpose of attempting to comply with 15 U.S.C. § 1692g." (Amend. Compl., ¶ 9.) In addition, it is alleged that the "Plaintiff did not receive any other document from [the] [D]efendant purporting to contain the initial disclosures required by 15 U.S.C. § 1692g." (Amend. Compl., ¶ 10.)

The Defendant's May 5, 2012 letter advised the Plaintiff as follows:

> You may notify RCS in writing within thirty days of receipt of this letter that the debt or any portion of the debt is disputed. If no notice is received by RCS within the 30 day period, it will be assumed that the above information is accurate and the debt is valid. If/once written notice is received within the 30 day period, RCS will obtain verification of the debt or a copy of a judgment against you, the consumer. A copy of the verification of debt or judgment will be mailed to the mailing address on record for you along, with, if requested in writing, a statement that provides the name and address of the original creditor.

(Amend. Compl., Exh. A.)

The Plaintiff asserts that this passage violates the FCPA, specifically 15 U.S.C. §§ 1692g(a), 1692e, 1692e(2) and 1692e(10). In this regard, the Plaintiff alleges that the letter (1) "[s]tates that any dispute that the debtor elects to send is to be in writing, when a writing is only necessary to obtain verification of the debt or the identification of the original creditor"; (2) indicates that the Defendant needs to receive notice that the debt is being disputed within the 30 day period, when the Plaintiff is only required to send her notice within that period and is not required to guarantee receipt; (3) "[s]tates that '[i]f no notice is received by RCS within the 30 day period, it will be assumed that . . . the debt it is valid," without limitation, when only RCS and its principal may assume that it is valid"; (4) "[s]tates that all information set forth in the

3

letter concerning the debt will be assumed to be valid, including information which the debtor knows nothing about and can know nothing about, such as whether RCS is holding any 'unapplied funds' and whether there is a negative 'escrow balance,'" even though 15 U.S.C. § 1692g does not provide any authorization for assuming that the debt is valid; and (5) fails to notify the debtor that he has the right to dispute a portion of the debt. (Amend. Compl, ¶ 12; Pl. Mem., pg. 2–4.)

**B. The Plaintiff's Initial Motion for Class Certification and the Court's Order**

On May 24, 2013, the Plaintiff moved to certify a class pursuant to Fed. R. Civ. P. 23. Specifically, the Plaintiff sought to certify a class of

> (a) all individuals in New York (b) who were sent a letter in the form of the form letter attached to the Plaintiff's motion papers as Exhibit A, which was not returned as undeliverable, (c) on or after July 31, 2011, and on or before August 20, 2012.

(Pl. 5/24/13 Motion, Opening ¶.) The Defendant opposed the motion.

On January 23, 2014, the Court denied the Plaintiff's motion without prejudice with leave to renew upon the submission of evidence with respect to the Plaintiff's ability to adequately represent the class as required by Fed. R. Civ. P. 23(a)(4). Diaz v. Residential Credit Solutions, Inc., 297 F.R.D. 42, 52 (E.D.N.Y. 2014) (Spatt, J.). The Court explained that the Plaintiff had met the numerosity, commonality and typicality threshold requirements of Fed. R. Civ. P. 23(a), but had failed to meet the fourth and final requirement, which is the adequacy of representation requirement. In this regard, the Court held:

> Rule 23(a)(4)'s adequacy of representation requirement requires that a plaintiff also show that the proposed action will fairly and adequately protect the interests of the class and serves to uncover conflicts of interest between named parties and the class they seek to represent.
> In order to satisfy Rule 23(a)(4), a plaintiff first must demonstrate that class counsel is qualified, experienced, and

> generally able to conduct the litigation. Second, a plaintiff must show that he has no interests that are antagonistic to the proposed class members.
>
> The Court finds that the Plaintiff has satisfied the first element under Rule 23(a)(4) . . . . However, with respect to the second element of Rule 23(a)(4), the Court agrees with the Defendant that the Plaintiff has presented no evidence concerning whether the Plaintiff is an adequate representative of the class. Although it is likely, because she shares identical claims with the proposed class members, that the Plaintiff does not have any conflicts of interest, the Court still finds this fourth requirement of 23(a) to not be satisfied as the Plaintiff fails to proffer any proof suggesting she will be able to adequately represent the proposed class without any antagonistic interests.
>
> . . . .
>
> Absent any evidence, such as an affidavit or declaration from the Plaintiff, the Court must find that the Plaintiff has not met the requirement of Fed. R. Civ. P. 23(a). As a consequence, the Court denies the Plaintiff's motion for class certification without prejudice with leave to renew upon the submission of proof that the Plaintiff (1) understands her roles as a class representative; (2) is knowledgeable about this action; and (3) has no known conflicts of interest with any of the potential class members.

Diaz, 297 F.R.D. at 51–52 (citations, internal quotation marks and brackets omitted).

Moreover, the Court noted that the Plaintiff had met the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3). In addition, the Court modified the Plaintiff's proposed class definition as follows:

> (a) all individuals in New York (b) who were sent a letter in the form of the form letter attached to the Plaintiff's motion papers as Exhibit A, which was not returned as undeliverable, (c) on or after July 31, 2011, and on or before August 20, 2012; (d) concerning a loan that the Defendant acquired after it was in default.

Diaz, 297 F.R.D. at 55.

### C. The Plaintiff's Renewed Motion for Class Certification and the Parties' Agreement to Settle the Case

On her renewed motion to certify a class, the Plaintiff uses the revised class definition authored by the Court in the January 23, 2014 Order. Further, in support of her motion, the

5

Plaintiff submits excerpts from deposition testimony so as to demonstrate that she has satisfied the adequacy of representation requirement.

The Defendant's opposed the Plaintiff's renewed motion on the grounds that the full deposition testimony revealed that the Plaintiff lacked credibility and trustworthiness and was confused about the class claims. However, once the Plaintiff's motion was fully briefed, the parties reached an agreement to settle this case and notified the Court by letter dated May 2, 2014.

## II.  DISCUSSION

**A. Legal Standard for Class Certification and Approving Class Settlements**

"Pursuant to Federal Rule of Civil Procedure 23(e), a class action cannot be settled without certification of a class and court approval." Gay v. Tri-Wire Eng'g Solutions, Inc., 12-CV-2231 KAM JO, 2014 WL 28640, at *2 (E.D.N.Y. Jan. 2, 2014). Indeed, "[b]efore reaching the merits of the proposed settlement [ ] the court must first ensure that the settlement class, as defined by the parties, is certifiable under the standards of [Fed. R. Civ. P. ] 23(a) and (b)." Bourlas v. Davis Law Associates, 237 F.R.D. 345, 349 (E.D.N.Y. 2006); see also Denney v. Deutsche Bank AG, 443 F.3d 253, 270 (2d Cir. 2006) ("Before certification is proper for any purpose—settlement, litigation, or otherwise—a court must ensure that the requirements of Rule 23(a) and (b) have been met."); In re Advanced Battery Technologies, Inc. Sec. Litig., 11 CIV. 2279 CM, 2014 WL 1243799, at *10 (S.D.N.Y. Mar. 24, 2014) ("Before granting preliminary approval of a class action settlement, however, the Court should determine that the proposed Settlement Class is a proper class for settlement purposes.").

In this regard, the Court must determine (1) whether the class meets the four Rule 23(a) requirements of numerosity, commonality, typicality and adequacy; and if so, (2) whether the class satisfies one of the three categories listed in Rule 23(b). See Brown v. Kelly, 609 F.3d 467, 476 (2d Cir. 2010); Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc., 546 F.3d 196, 202 (2d Cir. 2008); City of Livonia Employees' Ret. Sys. v. Wyeth, 284 F.R.D. 17, 176–77 (S.D.N.Y. 2012). "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010).

In light of the Court's ruling in the January 23, 2014 Order finding that the Plaintiff had satisfied the numerosity, commonality and typicality requirements of Fed. R. Civ. P. 23(a) and the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3), the only issue before the Court is whether, on her renewed motion, the Plaintiff has satisfied the adequacy of representation requirement of Rule 23(a)(4).

As stated above, the Court observed in its previous Order that "Rule 23(a)(4)'s adequacy of representation requirement requires that a plaintiff 'also show that the proposed action will fairly and adequately protect the interests of the class,' and 'serves to uncover conflicts of interest between named parties and the class they seek to represent.'" Diaz, 297 F.R.D. at 51 (quoting Vengurlekar, 220 F.R.D. 222, 227 (S.D.N.Y. 2003) and City of Livonia Employees' Retirement System v. Wyeth, 284 F.R.D. 173, 179 (S.D.N.Y. 2012) respectively). Relevant here, in order to satisfy Rule 23(a)(4), "a plaintiff must 'show that [she has] no interests that are antagonistic to the proposed class members.'" Id. at 52 (quoting Vengurlekar, 220 F.R.D. at 227).

7

Of importance, "courts generally certify proposed representatives 'as long as the plaintiff has some basic knowledge of the lawsuit and is capable of making intelligent decisions based upon his lawyers' advice.'" Harrison v. Great Springwaters of America, Inc., No. 96-CV-5110, 1997 WL 469996, at *7 (E.D.N.Y. June 18, 1997) (quoting Kaplan v. Pomerantz, 131 F.R.D. 118, 122 (N.D. Ill. 1990)). For example, a plaintiff can satisfy the requirements of Fed. R. Civ. P. 23(a)(4) by "submit[ing] an affidavit stating that she understands the responsibilities of a class representative and has knowledge of this action." Leone v. Ashwood Financial, Inc., 257 F.R.D. 343, 352 (E.D.N.Y. 2009).

## B. As to Whether the Plaintiff Meets the Fed. R. Civ. P. 23(a)(4) Adequacy of Representation Requirement

Having reviewed the Plaintiff's deposition testimony, the Court is satisfied that the Plaintiff has met the Fed. R. Civ. P. 23(a)(4) adequacy of representation requirement. The Plaintiff's deposition testimony, the transcript of which was attached to the Plaintiff's renewed motion, reveals that she (1) reviewed the Complaint and the Amended Complaint prior to their filing; (2) understood that this case was being brought as a class action on behalf of others who allegedly suffered the same harm she did; (3) understood that as class representative, she was expected to act in the best interest of the absent class members; and (4) was knowledgeable about the claims that she had brought on behalf of herself and the putative class members.

In the Court's view, this testimony sufficiently demonstrates that the Plaintiff will adequately will fairly and adequately protect the interests of the class. See, e.g., Ebin v. Kangadis Food Inc., 13 CIV. 2311 JSR, 2014 WL 737960, at *4 (S.D.N.Y. Feb. 25, 2014) reconsideration denied, 13 CIV. 2311 JSR, 2014 WL 1301857 (S.D.N.Y. Mar. 19, 2014) (finding the adequacy prong had been satisfied where during their depositions one plaintiff "stated that he had reviewed and commented on the complaint before it was filed, and that he [wa]s willing

to testify at trial" and the other "testified that he [wa]s 'committed' to the case and that he underst[ood] he [was] responsible to the class going forward") (citations omitted); Kelen v. World Fin. Network Nat. Bank, 295 F.R.D. 87, 93 (S.D.N.Y. 2013)(finding the adequacy prong had been satisfied where the plaintiff, among other things, "underst[ood] her role as a class representative, [ ] stated that she want[ed] to represent the class in this issue, and [thought] that the interests of the class should be protected").

To the extent the Defendant had previously suggested in its opposition to the Plaintiff's renewed motion that the Plaintiff would be an inadequate representative based on credibility concerns and inconsistencies in her deposition testimony, the Court finds this argument to be unavailing. As this Court has previously held, "inconsistent deposition testimony in and of itself will not serve as a ground for denial of class certification." Savino v. Computer Credit, Inc., 173 F.R.D. 346, 357 (E.D.N.Y. 1997) aff'd, 164 F.3d 81 (2d Cir. 1998) (Spatt, J.) (collecting cases). See also Lapin v. Goldman Sachs & Co., 254 F.R.D. 168, 178 (S.D.N.Y. 2008) (collecting cases); Cruden v. Bank of New York, Nos. 85 Civ. 4170 et al. (JFK), 1988 WL 9514, at *5 (S.D.N.Y. Feb. 1, 1988) ("Indeed, courts have held that inconsistencies in deposition testimonies are generally insufficient to disqualify plaintiffs from representing the class.").

Moreover, "[t]he existence of questions about the credibility of named representatives will not ordinarily place the interests of those representatives in conflict with other class members. . . . Only when attacks on the credibility of the representative party are so sharp as to jeopardize the interests of absent class members should such attacks render a putative class representative inadequate." In re Priceline.com Inc., 236 F.R.D. 89, 97 (D. Conn. 2006) (quoting In re Colonial Partnership Litigation, No. H–90–829 (JAC), 1993 WL 306526, at *5 (D.Conn. Feb. 10, 1993)); see also Savino, 173 F.R.D. at 357 ("To defeat class representation, any

9

allegations concerning the representative's adequacy must be relevant to the claims in the litigation, such that the problems could become the focus of cross-examination and unique defenses at trial, to the detriment of the class. Plaintiffs' testimony or credibility that is subject to attack must be on an issue critical to one of their causes of action.") (quoting German v. Federal Home Loan Mortgage Corp., 168 F.R.D. 145 (S.D.N.Y.1996) (citations and internal quotation marks and ellipse omitted). Here, it appears that no substantial credibility issues concerning the Plaintiff exist so as to jeopardize the interests of the putative class.

Accordingly, based on the Court's findings here and in the January 23, 2014 Order, the Court grants the Plaintiff's renewed motion for class certification.

## C. Approving the Class Settlement

While the Court has granted the Plaintiff's renewed motion for class certification, the Court has not yet received in writing the proposed terms of the settlement agreement. Therefore, within twenty days of the date of this Order, the parties are directed to submit the proposed terms of the settlement agreement so that the Court may make a determination as to whether to preliminarily approve the proposed class action settlement in this case. The parties should include with their submission a proposed preliminary approval order.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED** that the Plaintiff's renewed motion to certify a class is granted; and it is further

**ORDERED** that within twenty days of the date of this Order, namely by May 27, 2014, the parties are directed to submit the proposed terms of the settlement agreement so that the Court may make a determination as to whether to preliminarily approve the proposed class action

10

settlement in this case. The parties should include with their submission a proposed preliminary approval order.

**SO ORDERED.**
Dated: May 7, 2014

                                              _____*/s/ Arthur D. Spatt*_____
                                                ARTHUR D. SPATT
                                           United States District Judge