FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 03 2014 ★
LONG ISLAND OFFICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
ALTAGRACIA DIAZ, on behalf of herself and all :
others similarly situated, :
:
                Plaintiff, :
:
vs. :
:
RESIDENTIAL CREDIT SOLUTIONS, INC. :
:
                Defendant. :
-----------------------------------------------------------------x

12-cv-3781-ADS-AKT

**FINAL APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT**

      This matter comes before the Court on the joint request (the "Joint Motion") of Altagracia Diaz, and a class of persons similarly situated (collectively "Plaintiff" or "Settlement Class Members"), and Residential Credit Solutions, Inc. ("RCS" or "Defendant") for preliminary approval of the Class Action Settlement Agreement, dated June 16, 2014 (the "Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing:

      IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

      1.      On June 7, 2014 this Court preliminarily approved the Class Settlement Agreement reached between Plaintiff and Defendant for the claims alleged in the above captioned matter *Diaz v. Residential Credit Solutions, Inc.*, Docket No. 12-cv-3781 (ADS)(AKT) filed in the United States District Court for the Eastern District of New York. The Court approved a form notice for mailing to the class. The Court is informed that actual notice was sent by first-class mail to 378 individuals who are deemed Settlement Class Members. A total of

29 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and 1 envelope was returned and re-mailed to a forwarding address. No class members submitted timely requests for exclusion and no class member(s) requested exclusion after the deadline of September 14, 2014. No class member(s) sent a letter that is ambiguous. 88 Class members submitted a timely valid claim form, and 3 additional Class members submitted claim forms before the September 29, 2014 fairness hearing. The Court has found that (a) all 91 of the submitted claim forms are valid and those class members will receive the settlement payment described below, (b) no class members excluded themselves from the Settlement, and (c) no members objected to the Settlement.

2. The Court, for purposes of this Final Order of Dismissal (the "Final Order"), adopts all defined terms as set forth in the Class Settlement Agreement.

3. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and the Class Settlement Members, and the Defendant.

4. The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of New York law and due process under the United States Constitution.

5. The Court approves the settlement of the above-captioned action, as set forth in the Agreement, the release, and other terms, as fair, just, reasonable, and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6. Except as to any individual claim of class members who have requested exclusion from the Class, all of the Released Claims are dismissed with prejudice as to the Class

Representative and Named Plaintiff, Altagracia Diaz and the Members of the Class, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

7. For purposes of settlement the parties stipulate to the following class:

(a) All individuals in the State of New York,

(b) Who were sent a letter in the form of the validation of debt letter attached to the Plaintiff's Amended Complaint as Exhibit A, which was not returned as undeliverable,

(c) On or after July 31, 2011 and on or before August 20, 2012,

(d) Concerning a loan that the Defendant began servicing after it was in default.

The parties represent that there are a total of 378 members of the Class.

8. The Court finds that the stipulated class meets the requirements of Rule 23. Specifically, the Court finds that:

(a) The class is so numerous that joinder is impracticable.

(b) There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

(c) Plaintiff's claims are typical of the claims of the class members.

(d) Plaintiff and class counsel have fairly and adequately represented the interests of the class members.

(e) A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

9. Excluded from the Class are 0 Class members, who timely and validly requested exclusion.

10. Defendant will maintain a list of class members who are subject to the Release.

11. Each Class Member not opting out as of the Effective Date does hereby release and forever discharge the Defendant, and its Related Parties (hereinafter, "the Released Parties") from all causes of action, suits, claims, and demands, whatsoever, known or unknown, in law or in equity, which the Class now has, ever had, or hereafter may have against the released parties, for any violations of the FDCPA arising out of the claims alleged on behalf of the Class in the Complaint. This Agreement does not address the validity of the debts and/or mortgages allegedly owed by the Class Members. Plaintiff, Altagracia Diaz, and the Class Members do not release their right to dispute any alleged debt or mortgage, or any part of an alleged debt or mortgage unrelated to the collection letter at issue. This release is conditioned on the final approval of the Agreement by the Court and Defendant meeting its obligations therein.

12. Plaintiff Altagracia Diaz and her respective assigns, heirs, successors, agents, attorneys and personal representatives does hereby release and forever discharge the Released Parties of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity arising from the facts alleged in the Complaint. This release is conditioned on the final approval of the Agreement by the Court and Defendant meeting its obligations therein.

13. Plaintiff Altagracia Diaz and the Class Members do not waive or release any defenses available to them, if any, in defense of any underlying mortgage foreclosure litigation brought by or on behalf of RCS.

14. The Court approves payment of Five Thousand Dollars ($5,000.00) to Plaintiff

Altagracia Diaz, for her actual and statutory damages and for her service as class representative, as a monetary incentive award within 21 days after the Effective Date.

15. The Court approves payment of One Hundred Thousand Dollars ($100,000.00), for the establishment of a class fund to be distributed on a *pro rata* basis to the class members who submitted a valid claim form. However, no Class Member shall receive a pro rata payment from the class settlement fund in excess of $5,000.00. Defendant is to tender a check to Class Counsel for One Hundred Thousand Dollars ($100,000.00) within 21 days after the Effective Date.

16. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

    a. is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

    b. is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Final Order from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

17. The Court dismisses the claims of the Plaintiff, and the Class against Defendant with prejudice and without costs.

18. Within twenty-one (21) days after the Effective Date, Defendant shall make all payments required by the Agreement.

19. Within thirty (30) days of the Effective Date, Class Counsel shall cause checks to be issued and deliver to the class members who submitted valid claim forms.

20. If any Settlement Class Member fails to cash a settlement check within ninety (90) days of mailing ("Void Date"), the check will be void, Defendants shall be released from any related obligation to the Settlement Class Member, and the Settlement Class Member's right to receive benefits in the Action and pursuant to the Settlement shall be deemed forfeited.

21. The Court designates The Legal Aid Society, 199 Water Street, New York, New York 10038 as the *cy pres* recipient. Class Counsel shall issue the *cy pres* award to The Legal Aid Society within 30 days of the Void Date.

22. When all of the following have been completed: (i) payment to the Class Representative (ii) payment to the Class Members who submitted valid claim forms (iii) the expiration of fifty (50) days after the Void Date, (iv) payment of attorney's fees, and (v) payment of the *cy pres* award, Class Counsel shall file a "Notice of Compliance" that it has complied with the Terms of the Agreement and all Class members who are entitled to receive checks have been issued checks, and any money remaining in the Class Settlement Fund has been donated to the *cy pres* recipient, The Legal Aid Society.

23. The Court has reviewed Class Counsel's petition for attorneys' fees and costs of $94,330.00. The Court finds that Class Counsel's petition is fair and reasonable. Defendant shall pay $94,330.00 to Class Counsel in accordance with the Agreement. Payment shall be made within twenty-one (21) days of the Effective Date.

24. The Court reserves exclusive and continuing jurisdiction over the Litigation, the

Class Representative and Named Plaintiff, the Class and the Released Parties for the purpose of: supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Final Order and Judgment.

25. This case is hereby terminated. This is a final decision for purposes of 28 USC Section 1291.

SO ORDERED this 3rd day of _____October_____, 2014.

_____
Hon. Arthur D. Spatt
United States District Judge